IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAGDELAN M. FISHER, | CIVIL DIVISION |
| Plaintiff, | No: 08-1124 |
| vs. | |
| THE LAW OFFICES OF DONALD S. BURAK, ESQUIRE, LLC, DONALD S. BURAK, LAWRENCE WEIL AND ACCOUNT PORTFOLIO MANAGEMENT, LLC, | **THE HONORABLE WILLIAM L. STANDISH**<br><br>**ELECTRONICALLY FILED** |
| Defendants, | |
| LAWRENCE WEIL AND ACCOUNT PORTFOLIO MANAGEMENT, LLC, | **JURY TRIAL DEMANDED** |
| Defendants/Third-Party Plaintiffs, | |
| vs. | |
| RICHARD FISHER, | |
| Third-Party Defendant. | |

## THIRD PARTY COMPLAINT

AND NOW, comes Defendants/Third-Party Plaintiffs, LAWRENCE WEIL (hereinafter referred to as "MR. WEIL") and ACCOUNT PORTFOLIO MANAGEMENT, LLC (hereinafter referred to as "APM"), by and through their counsel, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN and DANIELLE M. VUGRINOVICH, ESQUIRE, and file the following Third-Party Complaint, and in support thereof, aver as follows:

### I. THE PARTIES

1.     Defendant/Third-Party Plaintiff Lawrence Weil is a natural person with a place of business at 4 Greenwood Square, Suite 220, 3325 Street Road, Bensalem, Pennsylvania.

2.      Defendant/Third-Party Plaintiff Account Portfolio Management, LLC is a Delaware limited liability company with its headquarters located at 4 Greenwood Square, Suite 220, 3325 Street Road, Bensalem, Pennsylvania.

3.      Third-Party Defendant Richard Fisher is a natural person residing at 2353 Haymaker Rd., Monroeville, PA, 15146.

## II. JURISDICTION AND VENUE

4.      Supplemental Jurisdiction over this Third Party Complaint exists pursuant to 28 U.S.C. § 1367 in that the claims set forth herein involve the joinder of an additional party and are so related to the claims set forth in the underlying action that they form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391.

## III. FACTS

6.      On August 7, 2008, Plaintiff, Magdelan Fisher (hereinafter "Plaintiff"), instituted the within action against Mr. Weil and APM (collectively "Defendants/Third-Party Plaintiffs"), alleging, *inter alia*, a violation of the Fair Debt Collection Practices Act (FDCPA) in regard to Defendants' alleged collection efforts to collect a debt owed by Plaintiff's grandson, Richard Fisher (hereinafter "Third-Party Defendant").

7.      On September 28, 2008, APM timely filed its Answer and New Matter denying liability. On December 18, 2008, Mr. Weil timely filed his Answer and New Matter denying liability.

8.      Plaintiff alleged in her Complaint that her grandson, Third-Party Defendant Richard Fisher, allegedly owed a consumer debt, that APM purchased or services the alleged

2

debt, and that co-defendant Law Offices of Donald S. Burak, LLC and Donald S. Burak (collectively "Burak") were retained to collect the alleged debt.

9. Plaintiff further alleged in her Complaint that Defendants/Third-Party Plaintiffs withdrew, without authorization, $11,000 from Plaintiff's bank account as part of their collection efforts.

10. On or about August 17, 2007, co-defendant Burak's collector contacted debtor Richard Fisher and Richard Fisher authorized a third-party call to an individual who he identified as his grandmother, Plaintiff, concerning the debt that he conceded he owed during the August 17, 2007 telephone call.

11. Plaintiff agreed to make an immediate payment of $3,000 as part of the terms of an agreed-to settlement of $14,760 on Richard Fisher's $19,678.95 outstanding debt obligation.

12. Plaintiff agreed to make the first payment of $3,000 with a check by telephone and agreed to pay the remainder of the settlement amount (*i.e.* $11,760.00) on August 24, 2007.

13. On August 29, 2007, Richard Fisher informed the collector from co-defendant Burak Law Offices that the funds were available, provided the amount was reduced from $11,700 to $11,000.

14. On August 30, 2007, based on Richard Fisher's representation and authorization, Defendants/Third-Party Plaintiffs attempted to withdraw the $11,000, agreed to by Plaintiff and Richard Fisher.

15. Defendants/Third-Party Plaintiffs aver that any harm caused to the Plaintiff was caused by her actions or the fraudulent actions of her grandson, Third-Party Defendant, Richard Fisher. Richard Fisher is solely liable to Plaintiff, jointly and severally liable or liable over to Mr. Weil and APM, and/or liable to Mr. Weil and APM for indemnification and/or contribution.

## IV. COUNT I - CONTRIBUTION AND/OR INDEMINIFICATION

16. Defendants/Third-Party Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-15 of this Third-Party Complaint as though the same were set forth at length herein.

17. If Plaintiff was caused to sustain damages at the time and place alleged in Plaintiff's Complaint, and if said damages arose from actions/inactions other than Plaintiff's own negligence, then said damages were sustained in whole or in part due to the carelessness, acts, omissions, negligence, fraud, misrepresentation, or other wrongful conduct on the part of Third-Party Defendant Richard Fisher. If any judgment is recovered herein by Plaintiff against Mr. Weil and APM, then Mr. Weil and APM will be damaged thereby and Richard Fisher is or will be responsible therefore in whole or in part.

WHEREFORE, Defendants/Third-Party Plaintiffs, Lawrence Weil and Account Portfolio Management, LLC, demand judgment in their favor and against Third-Party Defendant Richard Fisher, and request that Third-Party Defendant be found solely liable, jointly and severally liable, and/or liable over to Defendants/Third-Party Plaintiffs by way of contribution and/or indemnification for any and all sums which Defendants/Third-Party Plaintiffs may be found to owe to Plaintiff, and for all costs and expenses incurred in the defense of this action, including attorney's fees.

## V. COUNT II – FRAUDULENT MISREPRESENTATION

18. Defendants/Third-Party Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-17 of this Third-Party Complaint as though the same were set forth at length herein.

19. On August 17, 2007, co-defendant Burak's collector contacted debtor Third-Party Defendant and Third-Party Defendant authorized a third-party call to Plaintiff, his grandmother, in an effort to obtain her assistance with paying the debt that he conceded he owed during the August 17, 2007 telephone call.

20. Plaintiff agreed to make an immediate payment of $3,000 as part of the terms of an agreed-to settlement of $14,760 on Third-Party Defendant's $19,678.95 outstanding debt obligation.

21. Plaintiff agreed to make the first payment of $3,000 with a check by telephone and agreed to pay the remainder of the settlement amount (*i.e.* $11,760.00) on August 24, 2007.

22. On August 29, 2007, Third-Party Defendant informed the collector that the funds were available, provided the amount was reduced from $11,700 to $11,000.

23. On August 30, 2007, based on Richard Fisher's representation and authorization, Defendants/Third-Party Plaintiffs attempted to withdraw the $11,000, agreed to by Plaintiff and Third-Party Defendant.

24. Plaintiff has alleged that she had not authorized the withdrawal of the $11,000 from her account. If Plaintiff's allegations are true, which Defendants/Third-Party Plaintiffs deny, then on August 29, 2007, Third-Party Defendant, in an effort to settle his debt, fraudulently misrepresented to Defendants/Third-Party Plaintiffs that $11,000 was available for Defendants/Third-Party Plaintiffs to withdraw and that he had authority to confirm the initial agreement.

25. The aforesaid misrepresentations were material.

26. Third-party Defendant knew or recklessly disregarded that the aforesaid misrepresentations providing Defendants/Third-Party Plaintiffs with authorization to withdraw

$11,000 from Plaintiff's account was false, fraudulent or untrue and intended for Defendants/Third-Party Plaintiffs to rely upon said material misrepresentations in an effort to settle his outstanding debt.

27.     Defendants/Third-Party Plaintiffs justifiably relied on the aforesaid misrepresentations of Third-Party Defendant: (1) in conceding to a lower settlement amount than the remaining $11,760; and (2) in withdrawing $11,000 from Plaintiff's account.

28.     Defendants/Third-Party Plaintiffs were damaged as a result of the material misrepresentations made by Third-Party Defendant.

29.     In the event a finding of liability is made against Defendants/Third-Party Plaintiffs pursuant to Plaintiff's claims against them, and damages are awarded to Plaintiff, Defendants/Third-Party Plaintiffs aver that any such damages or other sums were caused by the aforesaid fraudulent conduct of Third-Party Defendant.

WHEREFORE, Defendants/Third-Party Plaintiffs, Lawrence Weil and Account Portfolio Management, LLC, demand judgment in their favor and against Third-Party Defendant Richard Fisher, and request that Third-Party Defendant be found solely liable, jointly and severally liable, and/or liable over to Defendants/Third-Party Plaintiffs by way of contribution and/or indemnification for any and all sums which Defendants/Third-Party Plaintiffs may be found to owe to Plaintiff, and for all costs and expenses incurred in the defense of this action, including attorney's fees.

### VI.  COUNT III – NEGLIGENT MISREPRESENTATION

30.     Defendants/Third-Party Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-29 of this Third-Party Complaint as though the same were set forth at length herein.

31.     Plaintiff has alleged that she had not authorized the withdrawal of the $11,000 from her account. If Plaintiff's allegations are true, which Defendants/Third-Party Plaintiffs deny, then on August 29, 2007, Third-Party Defendant, in an effort to settle his debt, negligently misrepresented to Defendants/Third-Party Plaintiffs that $11,000 was available for Defendants/Third-Party Plaintiffs to withdraw and that he had authority to confirm the original agreement.

32.     The aforesaid misrepresentation was material.

33.     Third-party Defendant should have known that the aforesaid misrepresentation providing Defendants/Third-Party Plaintiffs with authorization to withdraw $11,000 from Plaintiff's account was false, fraudulent or untrue and intended for Defendants/Third-Party Plaintiffs to rely upon said material misrepresentations in an effort to settle his outstanding debt.

34.     In the event a finding of liability is made against Defendants/Third-Party Plaintiffs pursuant to Plaintiff's claims against them, and damages are awarded to Plaintiff, Defendants/Third-Party Plaintiffs aver that any such damages or other sums were caused by the aforesaid negligent conduct of Third-Party Defendant.

WHEREFORE, Defendants/Third-Party Plaintiffs, Lawrence Weil and Account Portfolio Management, LLC, demand judgment in their favor and against Third-Party Defendant Richard Fisher, and request that Third-Party Defendant be found solely liable, jointly and severally liable, and/or liable over to Defendants/Third-Party Plaintiffs by way of contribution and/or indemnification for any and all sums which Defendants/Third-Party Plaintiffs may be found to owe to Plaintiff, and for all costs and expenses incurred in the defense of this action, including attorney's fees.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: s/ Danielle M. Vugrinovich
DANIELLE M. VUGRINOVICH, ESQUIRE
PA ID #88326
dmvugrinovich@mdwcg.com
**Attorneys for Defendants, Account Portfolio Management, LLC and Lawrence Weil**
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA  15219
(412) 803-1140
(412) 803-1188

12/775382.v1

8